UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RENE LUNA, JR.,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>LOLL, et al.,<br><br>　　　　　Defendants. | Case No. 1:21-cv-01310-EPG (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR APPOINTMENT OF PRO BONO COUNSEL, WITHOUT PREJUDICE<br><br>(ECF No. 3) |

　　　Rene Luna, Jr. ("Plaintiff"), is a prisoner proceeding *pro se* in this civil rights action filed pursuant to 42 U.S.C. § 1983.

　　　On August 30, 2021, Plaintiff filed a motion for appointment of pro bono counsel. (ECF No. 3). Plaintiff states that he was a victim of police brutality. Plaintiff asks for counsel because is an indigent inmate with limited resources and supplies. Plaintiff alleges that, instead of providing an enhanced form of protection during the pandemic, officers committed acts in violation of "COVID-19 Hate Crime Act of 2021." (Id. at 1).

　　　Plaintiff does not have a constitutional right to appointed counsel in this action, Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), withdrawn in part on other grounds, 154 F.3d 952 (9th Cir. 1998), and the Court cannot require an attorney to represent Plaintiff pursuant to 28 U.S.C. § 1915(e)(1). Mallard v. United States District Court for the Southern District of Iowa,

490 U.S. 296, 298 (1989).  However, in certain exceptional circumstances the Court may request the voluntary assistance of counsel pursuant to section 1915(e)(1).  <u>Rand</u>, 113 F.3d at 1525.

Without a reasonable method of securing and compensating counsel, the Court will seek volunteer counsel only in the most serious and exceptional cases.  In determining whether "exceptional circumstances exist, a district court must evaluate both the likelihood of success of the merits [and] the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved."  <u>Id.</u> (citation and internal quotation marks omitted).

The Court will not order appointment of pro bono counsel at this time.  The Court has reviewed the record in this case, and at this time the Court is unable to make a determination that Plaintiff is likely to succeed on the merits of his claim.  Moreover, it appears that Plaintiff can adequately articulate his claim.

Plaintiff is advised that he is not precluded from renewing his motion for appointment of pro bono counsel at a later stage of the proceedings.

For the foregoing reasons, IT IS ORDERED that Plaintiff's motion for appointment of pro bono counsel is DENIED without prejudice.

IT IS SO ORDERED.

Dated: **September 1, 2021**      /s/ *Erica P. Grosjean*
UNITED STATES MAGISTRATE JUDGE