UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RENE LUNA,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>LOLL, et al.,<br><br>　　　　　　Defendants. | Case No. 1:21-cv-01310-NONE-EPG<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING THAT THIS ACTION BE DISMISSED AS DUPLICATIVE OF CASE NO. 1:21-CV-01291-BAM<br><br>(ECF No. 1)<br><br>FOURTEEN (14) DAY DEADLINE<br><br>ORDER VACATING ORDER GRANTING MOTION TO PROCEED *IN FORMA PAUPERIS*<br><br>(ECF No. 6) |

　　　　Plaintiff Rene Luna ("Plaintiff") is a pretrial detainee proceeding *pro se* and *in forma pauperis* in this civil rights action filed pursuant to 42 U.S.C. § 1983.

　　　　For the following reasons, the Court recommends that this action be dismissed as duplicative of *David Ponce, et al. v. Officer Washburn, et al.,* Case No. 1:21-cv-01291-BAM ("*Ponce*"). In light of this recommendation, the Court will vacate the order granting *in forma pauperis* status.

///

///

1

### I. LEGAL STANDARD

"Plaintiffs generally have 'no right to maintain two separate actions involving the same subject matter at the same time in the same court and against the same defendant.'" *Adams v. Cal. Dep't of Health Servs.*, 487 F.3d 684, 688 (9th Cir. 2007) (quoting *Walton v. Eaton Corp.*, 563 F.2d 66, 70 (3d Cir. 1977)), *overruled on other grounds by Taylor v. Sturgell*, 553 U.S. 880, 904 (2008).

"To determine whether a suit is duplicative, we borrow from the test for claim preclusion."[1] *Adams*, 487 F.3d at 688. "'[T]he true test of the sufficiency of a plea of 'other suit pending' in another forum [i]s the legal efficacy of the first suit, when finally disposed of, as 'the thing adjudged,' regarding the matters at issue in the second suit.'" *Id.* (second alteration in original) (quoting *The Haytian Republic*, 154 U.S. 118, 124 (1894)). "Thus, in assessing whether the second action is duplicative of the first, we examine whether the causes of action and relief sought, as well as the parties . . . to the action, are the same." *Adams*, 487 F.3d at 689; s*ee also Serlin v. Arthur Anderson & Co.*, 3 F.3d 221, 223 (7th Cir. 1993) ("[A] suit is duplicative if the claims, parties, and available relief do not significantly differ between the two actions." (internal quotation marks omitted)).

"After weighing the equities of the case, the district court may exercise its discretion to dismiss a duplicative later-filed action, to stay that action pending resolution of the previously filed action, to enjoin the parties from proceeding with it, or to consolidate both actions." *Adams*, 487 F.3d at 688.

### II. DISCUSSION

Plaintiff, along with Anthony Barker, David Ponce, James Wallace, and Jesse Gomez, filed the complaint in *Ponce* on August 25, 2021. (*Ponce,* ECF No. 1.) The complaint in *Ponce* names Officer Loll, Officer Gomez, and the Kings County Sheriff's Department, among others,[2]

---

[1] The primary difference between dismissing a case as duplicative and dismissing a case under the doctrine of claim preclusion is that a final judgment need *not* have been entered to dismiss a case as duplicative while claim preclusion requires a final judgment on the merits. *Cook v. C.R. England, Inc.*, 2012 WL 2373258, at *3 (C.D. Cal. June 21, 2012). A final judgment has not been entered in *Ponce*. Accordingly, the Court does not apply the doctrine of claim preclusion.

[2] The complaint in *Ponce* also brings claims against additional defendants on behalf of the other plaintiffs.

as defendants. (*Id.*)

Plaintiff filed this case on August 30, 2021, along with a motion to proceed *in forma pauperis*. (ECF Nos. 1, 2.) Plaintiff's complaint also names Officer Loll, Officer Gomez, and the Kings County Sheriff's Department as defendants. (ECF No. 1.) On September 1, 2021, the Court entered an order granting Plaintiff's motion to proceed *in forma pauperis*. (ECF No. 6.) The Court's order directed the Kings County Sheriff to collect and forward payments from Plaintiff's prison trust account. (*Id.*)

In this case and in *Ponce,* Plaintiff alleges that, on February 23, 2021, Officers Loll and Gomez beat Plaintiff while he was in a prone position and suffering from an intestinal problem. (ECF No. 1 at 3; *Ponce,* ECF No. 1 at 3.) In comparing the three complaints, "it is clear that the . . . . actions share a common transaction nucleus of facts." *Adams*, 487 F.3d at 689. Additionally, all of the defendants named in this case are also named *Ponce*. In this case, Plaintiff requests relief in the form of monetary and punitive damages totaling $1.5 million "per strike/punch/blow" and that "the officers be brought to justice to the fullest extent of the law." (ECF No. 1 at 6.) In *Ponce,* Plaintiff requests declaratory and injunctive relief, $9.5 million in compensatory damages, $5.9 million in punitive damages against each defendant, interest, and any other relief allowed by law and equity. (*Ponce,* ECF No. 1 at 6.)

Based on the foregoing, the Court finds that the claims, relief sought, and parties to this action and to *Ponce* do not significantly differ. The instant case is therefore duplicative of *Ponce*. Further, both cases are in early stages and have not yet been screened. Thus, weighing the equities, the Court recommends that this case be dismissed. Additionally, in light of this recommendation, the Court will vacate its order granting *in forma pauperis* status.

### III.  CONCLUSION, ORDER, AND RECOMMENDATIONS

Accordingly, IT IS HEREBY ORDERED that:

1. The Court's order granting Plaintiff's motion to proceed *in forma pauperis* is VACATED and the Kings County Sheriff is no longer required to collect payments

pursuant to that order; and

2. The Clerk of Court is directed to serve copies of this order on the Kings County Sheriff and on the Financial Department, U.S. District Court, Eastern District of California, Sacramento Division.

Furthermore, it is HEREBY RECOMMENDED that:

1. This action be dismissed as duplicative of *David Ponce, et al. v. Officer Washburn, et al.,* Case No. 1:21-cv-01291-BAM; and

2. The Clerk of Court be directed to close the case.

These findings and recommendations are submitted to the assigned United States District Court Judge, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B). Within fourteen (14) days after service of the findings and recommendations, Plaintiff may file written objections with the Court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." The assigned United States District Court Judge will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636(b)(1)(C). Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **September 3, 2021**         /s/ Erica P. Grosjean
                                      UNITED STATES MAGISTRATE JUDGE